IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Thomas Sobiech**, | ) |
| Plaintiff, | ) ) **Civil Action No. 2:15-cv-00667** |
| v. | ) ) **Magistrate Judge Cynthia Reed Eddy** |
| **WhipperHill Consulting, LLC, et. al**, | ) ) **ELECTRONICALLY FILED** |
| Defendants. | ) ) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION TO FILE SETTLEMENT AGREEMENT UNDER SEAL FOR *IN CAMERA* REVIEW**

I.   **Factual Background.**

On May 21, 2015, Originating Plaintiff Thomas Sobiech, a former Environmental Inspector of WhipperHill, filed a Complaint in this Court alleging that Defendants paid him and other similarly situated individuals on a day-rate basis and failed to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA").  Originating Plaintiff Thomas Sobiech sought to bring a collective action on behalf of himself and other employees under 29 U.S.C. §216(b), and also sought to represent a class of employees pursuant to Fed. R. Civ. P. 23.  To date, only two other former employees, both of whom are the sons of the Named Plaintiff, Opt-In Plaintiff Christian Sobiech and Opt-In Plaintiff Nicholas Sobiech (collectively with Thomas Sobiech, the "Plaintiffs"), have filed Consents to Become a Party Plaintiff in this action.  On August 24, 2015, Defendants filed their Answer to the Complaint, denying that they improperly paid Plaintiffs or any other employees and asserting that Plaintiffs could not establish any of their claims as a matter of law. Additionally, Defendants notified Plaintiffs of their intent to file a lawsuit against Plaintiffs related to Plaintiffs' development of a competing environmental inspection agency, Mantis

1

Consulting, and Plaintiffs' efforts to improperly solicit business from existing customers of WhipperHill Consulting, Inc. and tortiously interfere with WhipperHill Consulting's existing business contracts.

On September 18, 2015, following arms-length negotiations, the parties reached a settlement under which: (1) Plaintiffs will release all claims relating to their employment with Defendants, including their claims for back wages, liquidated damages, attorneys' fees and costs under the FLSA and the PMWA, and will dismiss this lawsuit with prejudice; and (2) in exchange, Defendants will release their unasserted claims against Plaintiffs related to their competitive activities, as well as pay certain monetary compensation to Plaintiffs, inclusive of their legal fees and costs.

The parties have prepared a written Confidential Settlement and Release Agreement ("the Agreement") that memorializes the terms of their settlement and have agreed to keep the terms of the Agreement confidential, based upon the parties' mutual release of claims against one another.

## II.     Legal Standards For Filing Under Seal.

In an FLSA action for unpaid wages, "some courts have found that settlement agreements must be presented to the distcit court for approval before they can be valid and binding." *Mesta v. Citizens Bank, N.A.*, Case No. 14-703, 2015 U.S. Dist. LEXIS 84733, at *2-3 (W.D. Pa. June 30, 2015) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) (other internal citations omitted)). The U.S. Court of Appeals "has not yet weighed in on whether court approval of settlement agreements is required. " *Mesta,* at *3.

Although federal courts recognize a common-law right of access to judicial records, that right is not absolute. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). Thus, a district

court has discretionary power to control and seal records and files in its possession. *Littlejohn v. BIC Corporation*, 851 F.2d 673, 678 (3d Cir. 1998) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). In exercising this discretion, courts must "engage in [a] balancing process" to determine if sealing is appropriate. *In re Cendant Corp.*, 260 F.3d at 198.

The Third Circuit requires "good cause" to justify an order of confidentiality "at the discovery or any other stage of litigation, including settlement." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Pansy*, 23 F.3d at 786 (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)).

There is a "strong public interest in encouraging settlement of private litigation," because such settlements "save the parties the substantial cost of litigation and conserve the limited judicial resources of the judiciary." *Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986). Courts have acknowledged that confidentiality of settlement terms may facilitate settlement, avoid protracted litigation, and allay fears of further litigation. *See, e.g., Hotel Rittenhouse Assocs.*, 800 F.2d at 344-46 (3d Cir. 1986).

Accordingly, courts also consider the parties' agreement to a "particularized need for confidentiality" as a factor in favor of denying public access. *Pansy*, 23 F.3d at 788; *Hotel Rittenhouse Assocs.*, 800 F.2d at 344-46. Furthermore, "if a case involves private litigants, and concerns matters of little legitimate public interest, that should be a factor weighing in favor of granting or maintaining an order of confidentiality." *Pansy*, 23 F.3d at 788.

**III.** **The Balancing Of Public and Private Interests Favors Sealing the Settlement Agreement.**

In this case, the interests of the public and the parties are clearly aligned in favor of sealing the Settlement Agreement. The parties' settlement is contingent upon confidentiality of the terms of settlement. The public's interest in the openness of judicial processes will not be sacrificed by sealing the Settlement Agreement and the public's interest in just and speedy resolution of FLSA and state wage and hour law claims will be promoted. The parties, the public, and the court system have a mutual interest in the just and efficient resolution of such matters, and, where confidentiality facilitates resolution, it should be permitted. To facilitate the parties' agreement, Defendants respectfully request that the Court permit them to file their Motion for Approval under seal and review the proposed terms of the settlement *in camera*, which will not waive the confidential nature of the Settlement Agreement.

### IV. Courts' History of Approving FLSA Settlement Agreements Following *In Camera* Review.

Although Defendants are aware of decisions declining to allow parties to file FLSA settlement agreements under seal,[1] there are also numerous cases permitting parties to file FLSA settlement agreements under seal. Moreover, even the cases highlighting a public right of access to settlement terms note that confidentiality is permissible in instances where the party seeking to maintain confidentiality establishes good cause. *Mesta v. Citizens Bank, N.A.*, Case No. 14-703, 2015 U.S. Dist. LEXIS 84733, at *6 (W.D. Pa. June 30, 2015).

---

[1] *See, e.g., Mesta v. Citizens Bank, N.A.*, Case No. 14-703, 2015 U.S. Dist. LEXIS 84733, at *6 (W.D. Pa. June 30, 2015) ("Because the parties herein have filed the [FLSA] settlement agreement with the court with the intent of requesting court approval, it is a judicial record and subject to the presumption of right of public access"); *Weismantle v. Jali*, Case No. 2:13-cv-01087, 2015 U.S. Dist. LEXIS 53435, at *4 (W.D. Pa. Apr. 23, 2015) ("when a federal court is asked to substantively consider the terms of an FLSA settlement and then approve it, as a general matter that agreement (which is at the heart of the Court's judicial activity) is not to be sealed").

Judges within the U.S. District Court for the Western District of Pennsylvania, including the Chief Judge of this Court, have already agreed to the exact same relief sought by Defendants in this Motion. That is, Judges in this District have reviewed and approved the terms of FLSA settlement agreements *in camera* or under seal in similar circumstances.  *See, e.g., Seymour et al. v. PPG Industries, Inc.*, 2:09-cv-01707-JFC  (Dkt. No. 204) (W.D. Pa., Dec. 14, 2012) (Judge Conti entered an Approval Order noting that "[t]he Court has conducted an *in camera* review and inspection of the PARTIES' confidential SETTLEMENT AGREEMENT . . . [and] the SETTLEMENT AGREEMENT is hereby approved in accordance with the Fair Labor Standards Act") (attached as Exhibit A); *Barvinchak v. Indiana Regional Medical Center*, 3:07-cv-00009-KRG (Dkt. No. 38) (W.D. Pa. July 18, 2008) and *Barvinchak v. Indiana Regional Medical Center*, 3:06-cv-00069-KRG (Dkt. No. 56) (W.D. Pa. July 18, 2008) (Judge Gibson approved the parties' FLSA settlements following "the parties' oral presentation to the Court regarding the terms of the settlement," in which a motion to seal the transcript related to the terms of the settlement agreement was granted) (attached as Exhibit B).  Further, Judges within the Third Circuit have also agreed to review and approve the terms of FLSA settlement agreements *in camera* or under seal. *See, e.g.*, *Jack v. Arrow Auto Glass Operating Company, LLC*, Case No. 3:13-cv-02513-ARC (Dkt. No. 25) (J. Caputo) (M.D. Pa., Oct. 2, 2014) (approving confidential FLSA settlement "based upon the representations of counsel during a . . . telephonic conference" regarding settlement terms); *Myers v. Dolgencorp, LLC*, Case No. 4:09-cv-02305 (Dkt. No. 19) (J. Vanaskie) (M.D. Pa., June 16, 2010) (same); *Perez v. Olympus Corp. of the Americas,* Case No. 3:08-cv-02044 (Dkt. No. 21) (J. Vanaskie) (M.D. Pa., July 17, 2009) (same); *Evans et al. v. Lowe's Home Center, Inc.*, Case NO. 3:03-cv-00438 (Dkt. No. 338) (J. Caputo) (M.D. Pa. March

6, 2007) (Order permitting the parties to file FLSA settlement agreement under seal) (all attached as Exhibit C).

Likewise, in a substantial number of other cases, roughly forty of which are listed below as exemplars, U.S. District Courts across the country have routinely permitted parties to present their agreements settling FLSA claims under seal for *in camera* review and approved such agreements to maintain confidentiality. *See, e.g., Hale, et al. v. JW Aluminum Company,* 4:14-cv-236-JLH (Dkt. No. 28) (J. Holmes) (E.D. Ark. June 29, 2015) (Order granting approval of an FLSA settlement noting that "[t]he Court approves the Agreement (submitted to the Court separately for *in camera* review)"); *Holdsworth et al. v. IHT Insurance Agency Group, LLC, et al.,* Case No. 2:14-cv-2206 (Dkt. No. 7) (J. Watson) (S.D. Ohio, March 11, 2015) (Order Granting Joint Motion for In Camera Review, To Approve Settlement, and to Dismiss Case With Prejudice); *Akins v. Worley Catastrophe Response, LLC*, No. 12-2401, 2014 U.S. Dist. LEXIS 51650, at *7-8 (E.D. La. April 14, 2014) (court noting that the parties "submitted, for my in camera review their confidential settlement agreement and attached exhibits"); *Moore et al. v. Ingredion, Inc.*, Case No. 2:12-cv-01186 (Dkt. Nos. 56 & 57) (J. Norton) (D.S.C., Feb. 27, 2014) (Court approved settlement based upon Joint Motion but the Settlement Agreement was not publicly filed); *Mann et al. v. IHT Insurance Agency Group, LLC, et al.,* Case No. 2:13-cv-211 (Dkt. No. 16) (J. Watson) (S.D. Ohio, Nov. 18, 2013) (Order Granting Joint Motion for In Camera Review, To Approve Settlement, and to Dismiss Case With Prejudice); *Zulewski v. Hershey Co.*, Case No. 4:11-CV-05117-KAW, 2013 U.S. Dist. LEXIS 58299, at *4 (N.D. Cal., Aug. 16, 2013) (in an FLSA settlement, "[b]ecause it is a settlement, the parties have requested that the amounts be kept confidential. Having reviewed the settlement, the Court finds that it is fair and approves it"); *Mayo et al. v. Travel Centers*, Case No. 1:11-cv-01411 (Dkt. No. 66) (J.

Gaughan) (N.D. Ohio, July 11, 2013) (approving the parties' FLSA settlement agreement "[a]fter an in camera review of the Confidential Settlement Agreement and Release"); *Jennings et al. v. Cellco Partnership d/b/a Verizon Wireless,* Case No. 12-cv-00293,  *Fields & Harrison et al. v. Cellco Partnership d/b/a Verizon Wireless,* Case No. 13-cv-00778, *Penk et al. v. Cellco Partnership d/b/a Verizon Wireless,* Case No. 13-cv-0638, and *Wawrzasek & Robison et al. v. Cellco Partnership d/b/a Verizon Wireless,* Case No. 13-cv-0590 (Dkt. No. 106) (J. Nelson) (D. Minn. May 22, 2013); *Higgins et al. v. Verizon North LLC, et al.*, Case No. 4:11-cv-1393 (Dkt. Nos. 70, 71) (J. Jackson) (E.D. Mo. Jan. 10, 2013) (Granting Joint Motion for Leave to File Under Seal The Parties' Memorandum in Support of Preliminary Approval of Proposed Settlement and the Parties' Settlement Agreement via text entry); *Fast et al. v. Applebee's Int'l*, Case No. 2:06-cv-4146 (Dkt. No. 383) (J. Laughrey) (W.D. Mo. Nov. 1, 2012) (granting Defendant's request that the Settlement Agreement and all related filings be indefinitely kept under seal, and noting that class counsel could file unsealed copies of the agreement only upon redacting the total amount of the settlement fund, the amount of fees awarded, and the amount of individual awards to class members); *Claffey et al. v. K Mart Corp.*, Case No. 2:12-cv-01173 (Dkt. Nos. 18 & 19) (J. Norton) (D.S.C., Oct. 26, 2012) (approving the confidential Settlement Agreement provided to the Court for *in camera* review); *Rivera v. Laboratory Corp. of America*, Case No. 8:11-cv-02678-EAK-TBM (Dkt. No. 25) (M.D. Fla. Jul. 3, 2012) (granting Motion "that the Court review the settlement agreement . . . in camera so that it can remain confidential without becoming a public record in the court file")*; In re Family Dollar FLSA Litig.*, No. 3:08-MD-1932, 2012 U.S. Dist. LEXIS 35303 (W.D.N.C. Mar. 14, 2012) (granting parties' joint motion in camera review of and approval of FLSA settlement); *Singh v. H&R Block Eastern Enterprises,* Case No. 1:11-cv-20954-Scola (Dkt. No. 35) (S.D. Fla. Apr. 4, 2012) (Order granting motion to submit settlement agreement to the court for in camera review); *Jackson v. Lincare, Inc.,* Case

No. 8:11-cv-02653-TGW (Dkt. No. 22-2) (M.D. Fla. Apr. 2, 2012); *Rojas v. MK Automotive, Inc.*, Case No. 8:11-cv-00798-EAK-MAP (Dkt. No. 23) (M.D. Fla. Dec. 20, 2011); *McCray & Jones et al. v. Cellco Partnership d/b/a Verizon Wireless*, 1:10 CV-2821 (Dkt. No. 145) (N.D. Ga. Nov. 8, 2011) (approving FLSA settlement agreement "[a]fter an *in camera* review"); *Badgett, et al. v. Dollar Tree Stores,* Case No. 0:10-cv-61617-Jordan (Dkt. No.123) (S.D. Fla. Sept. 26, 2011) (Order allowing parties to file redacted copy of FLSA settlement agreement and to send unredacted copy to chambers for *in camera* review); *In re: Dollar General Stores FLSA Litig.*, No. 5:09-MD-1500, 2011 U.S. Dist. LEXIS 94422 (E.D.N.C. Aug. 22, 2011) (sealing FLSA settlement agreement and terms for a period of two years); *Franco v. RailWorks Track Systems, Inc.,* Case No. 10-cv-23647-Ungaro (Dkt. No. 30) (S.D. Fla. Jun. 17, 2011); *Brune v. JLP Advisors, Inc.,* Case No. 8:11-cv-244-T-24 TBM (Dkt. No. 17) (M.D. Fla. Jun. 8, 2011); *Graham v. Flextronics America, LLC,* Case No. 10-cv-61947-Cohn (Dkt. No. 25) (S.D. Fla. Feb. 24, 2011) (Final Order of Dismissal approving FLSA settlement agreement after *in camera* review); *Elliott, et al. v. InnoSource, Inc*., Case No. 5:09-cv-00782 (J. Dowd, Jr.,) (Dkt. No. 40) (N.D. Ohio, Oct. 12, 2010) (granting parties' Joint Motion to File Under Seal a settlement agreement releasing FLSA collective action claims); *Doimeadios v. Jason's Hauling, Inc., et al.*, Case No. 09-1003-RAL-MAP (Dkt. No. 19) (M.D. Fla. Jul. 9, 2010); *Frost v. Quality Metal Fabricators, Inc.,* Case No. 09-02446-JSM-MAP (Dkt. No. 13-1) (M.D. Fla. Mar. 26, 2010); *Gentzel, et al. v. CEVA Freight, LLC*, Case No. 2:09-cv-504, (Dkt. No. 16) (J. Sargus) (S.D. Ohio, Jan. 20, 2010); *Dooley v. CRS Medical Benefits, Inc.,* 3:09-cv-987 (Dkt. No. 15) (J. Howard) (M.D. Fla., Jan. 6, 2010) (Order granting the parties' Joint Motion for *In Camera* Inspection and Approval of Confidential Settlement Agreement under the FLSA); *Jones v. Family Dollar Stores of Florida, Inc.,* Case No. 09-22001-cv-Cooke (Dkt. No. 11) (S.D. Fla. Sept. 2, 2009)  (Endorsed Order granting motion for *in camera* review of FLSA settlement agreement); *Reyes v. Swire Brickell*

*Key Hotel, Ltd.,* Case No. 08-22806-cv-Moore (Dkt. No. 32) (S.D. Fla, Feb. 28, 2009) (Paperless Order directing parties to file FLSA settlement agreement under seal if they intend to keep the agreement confidential); *Gonzalez v. ABM Janitorial Services-Southeast, LLC,* Case No. 08-22919-cv-Moreno (Dkt. No. 17) (S.D. Fla, Feb. 19, 2009) (Order granting leave to file FLSA settlement agreement under seal); *Peterson v. Meritage Homes of Fla., Inc.*, 2008 U.S. Dist. LEXIS 115496 (M.D. Fla. Nov. 17, 2008) (following court review, recommending approval of sealed settlement agreement and dismissal with prejudice); *Isidor v. TB Isle Resort, LP*, Case No. 08-20156-cv-Gold (Dkt. No. 16) (S.D. Fla. March 31, 2008) (Order approving FLSA settlement agreement after *in camera* review); *Campbell v. Ethex Corp.*, 464 F. Supp. 2d 559, 561 (W.D. Va. 2006) (granting leave to file settlement documents under seal); *Gilmore v. Nationwide Ins. Co. of Am.*, 2006 U.S. Dist. LEXIS 88919 (M.D. Ala. 2005) (granting the parties' joint motion for in camera inspection and sealing of FLSA settlement) (all attached hereto as Exhibit D). [2]

      Here, the unique facts of this case warrant filing the parties' Settlement Agreement under seal for an *in camera* review. First, this is not a simple FLSA action in which the Plaintiffs are the only party with claims to assert. To the contrary, one key factor to the parties' agreement in this case is Defendants' release of its unasserted claims against the Sobiechs. The details of these claims for tortious interference necessarily implicate WhipperHill's trade secrets, including the identify of WhipperHill's clients and terms of the contracts between Defendants and its clients, such as the rates charged by Defendants for environmental inspection services and justify the filing of the settlement agreement under seal. *See, Pollock v. Byrider Fin., LLC,* Case No. 15-344, 2015 U.S. Dist. LEXIS 84738, at *2 (W.D. Pa. June 30, 2015) (the "presumption of right of public access attaches to documents created in the course of civil proceedings. . . . can be

---

[2] Although there are "probably a lot more cases of the same ilk," the Court has recognized that "you have to stop somewhere." *Weismantle v. Jali,* Case No. 2:13-cv-01087, 2015 U.S. Dist. LEXIS 53435, at *4, n.2 (W.D. Pa. Apr. 23, 2015).

rebutted . . . if disclosure would compromise trade secrets") (internal citations omitted); *Mesta v. Citizens Bank, N.A.,* Case No. 14-703, 2015 U.S. Dist. LEXIS 84733, at *2 (W.D. Pa. June 30, 2015) (same).

Additionally, this case was settled prior to conditional certification on an individual rather than collective basis with just three individuals – the Named Plaintiff and his two sons. In light of these facts, the individual rather than the collective nature of the action warrants protecting the confidential nature of the terms of the agreement for which the parties bargained, and which is crucial to the settlement. *See, King v. MS Companies, LLC,* No. 2:13-CV-02277-MHH, 2015 U.S. Dist. LEXIS 76271, (N.D. Ala. June 12, 2015) (allowing sealing of the settlement amounts in an FLSA action because "this is an isolated case involving only three employees and that all of the managers who were involved in the payment dispute have left the company"); *Tyrone Smith v. Bimbo Bakeries USA, Inc*., No. 12-cv-01689-CAS (PJW), 2013 U.S. Dist. LEXIS 118178, at *8-9 (C.D. Cal. Sept. 25, 2015) (holding that " the individual rather than collective nature of this action warrants sealing of the monetary amounts in the settlement agreement," as "[t]here is no general public interest in the precise settlement amount and the public can be assured that the settlement is fundamentally fair as it is subject to judicial scrutiny both as to substance and compensation." Additionally, "the Court is mindful that the monetary amount of a settlement is often a highly sensitive matter for both parties. To prohibit parties as a matter of course from maintaining the confidentiality of this information in individual settlements just because an FLSA claim was pled will discourage settlements"); *Herbst v. Ressler & Assocs*., Case No. No. 4:13-CV-2327, 2015 U.S. Dist. LEXIS 66385, at *4-5 (E.D. Mo. May 21, 2015) ("[I]n this case, when the substantial benefits of the settlement is balanced against the harm of sealing the documents from public view, the Court concludes that the

interests of justice weigh in favor of approving the parties' settlement agreement and allowing them to remain filed under seal").

### IV. Conclusion

For the reasons outlined above, Defendants respectfully move the Court for an Order permitting the parties to file a Motion for Approval of Settlement Agreement under seal. Plaintiffs' counsel does not object to Defendants' Motion. Defendants have attached a Proposed Order for the Court's consideration.

**Dated:  October 27, 2015**

Respectfully submitted,

*/s/ Brooke E. Niedecken*
Christopher Michalski, (PA #93236)
**LITTLER MENDELSON, P.C.**
625 Liberty Avenue, 26th Floor
Pittsburgh, PA 15222
Phone:  (412) 201-7634

Brooke E. Niedecken (*admitted pro hac vice*)
Kaila M. Krausz (*admitted pro hac vice*)
**LITTLER MENDELSON, P.C.**
21 East State Street, 16th Floor
Columbus, OH  43215
Phone:  (614) 463-4214

*Attorneys for Defendants*
*WhipperHill Consulting, LLC, et. al*

## **CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing has been filed via the electronic filing system on October 27, 2015. Notice of filing will be performed by the Court's electronic filing system, and the Parties may access the document through the electronic filing system.

*/s/ Brooke E. Niedecken*
*Attorney for Defendants*

Firmwide:136660030.1 082815.1001