IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS SOBIECH, on behalf of himself and similarly situated employees, | ) ) ) | |
| | ) | Civil Action No. 15-667 |
| Plaintiff, | ) ) | |
| v. | ) ) | United States Magistrate Judge Cynthia Reed Eddy |
| WHIPPERHILL CONSULTING, LLC, and MATTHEW P. FANTASKEY, | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

The parties in this action have advised the Court that they have settled this FLSA case and have requested judicial approval of the terms of their settlement agreement. Pending before the Court is Defendants' Unopposed Motion to Submit Settlement Agreement under Seal for *In Camera* Review. (ECF No. 32). For the reasons that follow, Defendants' motion is denied.

"[W]hen a federal court is asked to substantively consider the terms of an FLSA settlement and then approve it, as a general matter that agreement (which is at the heart of the Court's judicial activity) is not sealed." *Weismantle v. Jali*, 2015 WL 1866190, *1 (W.D.Pa. Apr. 23, 2015) (collecting cases setting forth this "prevailing, if not overwhelming, trend"). This is because when a court is asked to place "its judicial imprimatur on the merits and terms of the settlement," there is a "strong presumption in favor of public access to the records upon which a federal court does its decisional duty," which is only rebutted by a countervailing private interest that outweighs the public's interest. *Id.* at *2 (citing *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831 (7th Cir. 2013); *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011)).

This case was initiated on May 21, 2015 by Plaintiff Thomas Sobiech, a former Environmental Inspector of Defendant WhipperHill, when he filed a complaint on behalf of

1

himself and similarly situated employees asserting that Defendants violated the FLSA and Pennsylvania Minimum Wage Act (PMWA) for failing to pay overtime compensation. Two other former employees, Christian Sobiech and Nicholas Sobiech, have filed Opt-In Consents to join this action. Also pending before the Court is Plaintiffs' motion for conditional certification of the FLSA collective class, which was filed August 18, 2015 (ECF No. 12), however, the parties have reached a settlement agreement prior to the Court resolving that motion. The parties have requested that the Court substantively approve the terms of this settlement agreement as fair and reasonable, but first, Defendants wish to hide the agreement from the public by filing it under seal.

Defendants recognize that on numerous occasions, judges within this District have denied the parties' requests to file FLSA settlement agreements under seal when the parties fail to identify a private interest that outweighs the strong presumption in favor of the public's right to access such agreements. *See Weismantle*, 2015 WL 1866190 (Hornak, J.); *Vargas v. GNC, Inc.*, 2015 WL 4155449 (W.D.Pa. Mar. 20, 2015) (McVerry, J.); *Mesta v. Citizens Bank, NA*, 2015 WL 4039358 (W.D.Pa. Jun. 30, 2015) (Lenihan, J.); *Pollock v. Byrider Finance, LLC*, 2015 WL 4040400 (W.D. Pa. Jun. 30, 2015) (Lenihan, J.). However, Defendants contend that unlike the foregoing cases, good cause exists here which justifies keeping the settlement agreement confidential. Defendants assert that "this is not a simple FLSA action in which the Plaintiffs are the only party with claims to assert." (ECF No. 33 at 9). They characterize the facts of this case as "unique." (*Id.*).

They explain that as this case progressed, they believed that they had valid counter-claims against these three (and only) individual Plaintiffs involving tortious interference for their alleged competitive activities regarding Defendants' clients. (*Id.* at 2, 9). Defendants represent

that in this settlement agreement reached by the parties, Plaintiffs will release their FLSA and PMWA claims and dismiss this action herein with prejudice in exchange for Defendants releasing these unasserted claims for tortious interference and paying Plaintiffs certain monetary compensation, inclusive of legal fees and costs. (*Id.*). According to Defendants, "[t]he details of these claims for tortious interference necessarily implicate WhipperHill's trade secrets, including the identify [*sic*] of WhipperHill's clients and terms of the contracts between Defendants and its clients, such as the rates charged by Defendants for environmental inspection services." (*Id.* at 9). *See Goesel*, 738 F.3d at 833 (the strong presumption of public access can be rebutted if a litigant's trade secrets would be disclosed); *Mesta*, 2015 WL 4039358, *1 (same).

To verify whether the parties' proposed settlement agreement in fact implicates any of Defendants' trade secrets, the Court had the parties jointly submit it to Chambers. After reviewing it, the Court finds that contrary to Defendants' assertion, this settlement agreement does not identify, provide any details, or even remotely implicate any trade secrets. It does not disclose any of WhipperHill's clients. It does not disclose any terms of its agreements with its clients. And it does not disclose the rates that it charges its client for its services. The proposed settlement agreement is simply bereft of any of these terms. Ironically, Defendants' motion to seal and their brief in support thereof disclose far more detail regarding the surrounding circumstances of these unasserted tortious interference claims than does the agreement itself. Therefore, Defendants' purported justification for filing the agreement under seal is unpersuasive, and they have failed to overcome the strong presumption in favor of public access.

To the extent that Defendants alternatively request to file a redacted version of the settlement agreement which would omit the amount of money that Defendants have agreed to pay Plaintiffs to settle the claim, that request is likewise denied. Defendants have provided a list

of cases where courts have allowed parties in FLSA cases to redact the settlement amount. *See*, *e.g.*, *Lovett v. Connect America.com*, 2015 WL 5334261, *2 (E.D.Pa. Sept. 14, 2015) (allowing counsel to file the proposed settlement agreement and accompanying paperwork with the settlement amount redacted, while also submitting the unredacted version to the Court). While some courts may find this practice acceptable, multiple judges in this District have rejected it. The undersigned likewise rejects this notion that when a party asks a court to approve its FLSA settlement agreement as fair and reasonable, the settlement amount may be redacted from public view when there is no valid reason to do so.

In *Mesta*, Judge Lenihan dismissed the parties' concern that revealing the settlement amount was a valid basis for allowing them to submit it under seal. 2015 WL 4039358, at *2. Judge Lenihan questioned: "Is this not the exact information that the public is entitled to access in the settlement of an [FLSA] case? How can the public ascertain whether the court has properly exercised its authority in approving an FLSA settlement if it does not know the amount of the settlement?" *Id.* Similarly, in *Weismantle*, Judge Hornak dismissed the parties' desire to hide their financial business from the public as a valid reason for allowing them to file the agreement under seal. 2015 WL 1866190, at *1 n. 1, *2. Furthermore, contrary to Defendants' suggestion, the fact that the parties here have settled prior to the Court issuing a ruling with regard to the pending motion for conditional certification does not diminish the public's right to access. *See Mesta*, 2015 WL 4039358, at * 1 (at the time of the decision, no ruling had been made as to class certification); *Weismantle*, 2015 WL 1866190, *1 n. 1, *2 (at the time of the decision, there were no "class" claims, and the proposed agreement was a "one-off" settlement).

In conclusion, Defendants have failed to carry their burden in articulating an acceptable reason to override the strong presumption in favor of the public's right to access the documents

which will ultimately form the basis for the Court's decision regarding whether to accept their FLSA settlement agreement as fair and reasonable. Defendants' purported justification that this settlement agreement implicates its trade secrets is unfounded – it discloses none. Finally, Defendants may not alternatively file a version of the settlement agreement which redacts the settlement amount.

**AND NOW**, this 3rd day of November, 2015, upon consideration of the Defendants' arguments with regard to the instant matter, **IT IS HEREBY ORDERED THAT** Defendants' Unopposed Motion to File Settlement Agreement under Seal for *In Camera* Review (ECF No. 32) is **DENIED**. The Court will immediately destroy all of the documents which Defendants privately submitted to the Court solely for purposes of ruling on this Motion.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all registered counsel via CM-ECF